R. Scott Taylor
Clinton Tapper
400 E 2nd Ave., Suite 103
Eugene, OR 97401
Tel (541) 485-1511
Fax (541) 246-2424
Scott@taylortapper.com
Clinton@taylortapper.com

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JARED AND MYRANDA REDIGER, HASTORM HARVESTING & FIBER, INC., <br><br> Plaintiff, <br><br> v. <br><br> COUNTRY MUTUAL INSURANCE COMPANY, <br><br> Defendant. | CASE NO.: 6:16-cv-2263 <br><br> COMPLAINT <br><br> DEMAND FOR JURY TRIAL |

Jared and Myranda Rediger and Haystorm Harvesting & Fiber, Inc., allege that, at all time's material hereto, as follows:

1. Plaintiffs, Jared and Myranda Rediger (hereafter Rediger or Plaintiffs), are husband and wife and both live in Linn County, Oregon and are domiciled in Oregon.

2. Haystorm Harvesting & Fiber, Inc., (hereafter Haystorm or Plaintiffs) is an Oregon Corporation incorporated in Oregon, solely owned by Jared Rediger.

3. Country Mutual Insurance Company, (hereafter Defendant) is an insurance corporation authorized to issue insurance and conduct business in the State of Oregon, but is a foreign carrier with its principal place of business headquartered in another state.

4. Defendant is a part of Country Insurance & Financial Services.

- COMPLAINT - 1

5. Bob Bronson (hereafter Bronson) was a licensed insurance agent in Oregon who was an authorized agent of Defendant.

6. Bronson did represent Defendant in selling insurance to Plaintiffs as more fully alleged hereinafter. In mid-June 2014, Bronson viewed and inspected Plaintiffs' premises, vehicles, and machinery located at 23015 Power Line Road, Harrisburg Or 97446,

## JURISDICTION

7. This Court has diversity jurisdiction over the parties pursuant to 28 U.S.C. sections 1332 and 2201. The amount in controversy exceeds $75,000 exclusive of costs and interest.

## VENUE

8. Venue in this District is proper under 28 U.S.C. section 1391 and L.R. 3.4. in the Eugene Division of the United States Court for the District of Oregon. The loss (as hereafter alleged) occurred in Linn County Oregon and the most convenient location for trial of this matter is in Eugene Oregon.

## FIRST CLAIM FOR RELIEF

9. Plaintiffs were owners of certain real and personal property, both business and household, located in Linn County, Oregon, and most of this real and personal property was located on real property commonly referred to as 23015 Power Line Road, Harrisburg Or 97446, hereafter the "premises".

10. This premise was the headquarters for Plaintiffs where Plaintiffs conducted most of their business operations.

11. On this premise Plaintiffs designed, engineered and built farming equipment Plaintiffs named as its Total Mix Ration machinery (hereafter TMR).

12. TMR consisted of free standing machinery that blended and bailed agricultural products, primarily hay and straw.

13. There was a power plant. This consisted of a large generator housed in a semi-trailer, that fed an electrical equipment and grid, housed in a movable enclosure about 20' by 12', which supplied power to the farming operation.

14. In mid-June, 2014, Plaintiffs met with Bronson, Defendant's agent, and purchased insurance coverage sufficient to fully insure Plaintiffs' business operations, assets and Redigers' home. This coverage included liability, and property insurance for certain structures, scheduled farm vehicles, farm personal property including all the TMR machinery, and business interruption from perils that included fire.

15. Bronson likewise, in mid-June 2014, agreed to so fully insure Plaintiffs with sufficient limits for liability exposure and to allow replacement of Plaintiffs' real or personal property, agricultural products recovery for potential business income interruption, in the event of total loss from perils such as fire.

16. Plaintiffs delivered their check in the amount of $5,000 on June 19 2016 to cover the first six (6) months of this new insurance that Defendant, through its agent, Bronson, had agreed to provide.

17. For nearly six months, Plaintiffs waited for the written Policy from Defendant, communicating several times through Bronson, asking when the written Policy would get to them. Certain vehicles of Plaintiffs were added and subtracted from coverage provided by the Defendant during this time waiting for the written Policy.

18. Bronson assured Plaintiffs that they were insured by the Defendant and it just takes Defendant's underwriting department time to issue the written Policy.

19. On or about December 7 2014, a fire caused significant damage to Plaintiffs' scheduled business personal property like, vehicles, tires and vehicle parts, the TMR machinery was totally lost, and Plaintiffs' business operations were interrupted.

20. As of December 7, 2014, Defendant had still not issued a written Policy.

- COMPLAINT - 3

21. Plaintiffs notified Bronson and the Defendant, reporting the loss right away.

22. Defendant accepted the claim and issued claim number 182-0032520.

23. After the loss Defendant issued a written Policy to Plaintiffs that it revised two or three times.

24. Plaintiffs hired a public adjusting company, Adjusters International Pacific Northwest, (hereafter AIPNW), to assist and represent Plaintiffs in adjusting the loss with the Defendant.

25. Plaintiffs were damaged in the amount of $2,511,393.39 to its property, and an amount not to exceed $900,000 for lost business due to the fire damage.

26. After revising the written Policy several times, pursuant to Defendant's adjustment of the claim, it paid Plaintiffs $1,573,420.03. None of this payment included any payment for income lost due to the interruption of Plaintiffs' business operations.

27. Defendant has failed and refused to: issue a written Policy in conformance with the agreement Defendant made with Plaintiffs; and failed and refused to pay plaintiff for losses covered under the insuring agreement. This is a breach of the insurance contract.

28. Plaintiffs have done everything on their part under the insurance agreement with the Defendant to be performed.

29. As a result of the breach of the insurance agreement, Plaintiffs have been damaged in the amount of $937,973 for damages to Plaintiffs' property, and in an amount not to exceed $900,000 for business interruption losses.

30. Plaintiffs are to recover prejudgment interest at the legal rate of 9% per annum that has accrued on each past due benefit under the policy from December 7 2014 until paid or judgment is entered herein.

31. Plaintiffs have been required to retain the services of an attorney in this matter and should be awarded their reasonable attorney fees incurred herein pursuant to ORS 742.061.

///

///

- COMPLAINT - 4

WHEREFORE, Plaintiffs pray that they recover as alleged above, attorney fees and for their costs and disbursements incurred herein.

Dated: December 2, 2016

**TAYLOR & TAPPER**

s/ R. Scott Taylor

R. Scott Taylor, OSB No. 74324
Scott@taylortapper.com
400 East 2nd Ave., Suite 103
Eugene, Oregon 97401
541-485-1511

- COMPLAINT - 5