IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JARED REDIGER, MYRANDA REDIGER, and HAYSTORM HARVESTING & FIBER, INC., | Case No. 6:16-cv-02263-AA<br>OPINION AND ORDER |
| Plaintiffs, | |
| vs. | |
| COUNTRY MUTUAL INSURANCE COMPANY, | |
| Defendant. | |

AIKEN, Judge:

This dispute concerns defendant County Mutual Insurance Company's ("defendant") alleged failure to issue a policy on terms agreed to between plaintiffs Jared and Myranda Rediger ("plaintiffs") and insurance agent Bob Bronson ("agent"). Defendant moves to dismiss under Fed. R. Civ. P. 12(b)(7) for failure to join a party under Fed. R. Civ. P. 19. For the reasons below, defendant's motion is denied.

## BACKGROUND

Agent was a licensed insurance agent in Oregon and an authorized agent of defendant. Pls.' Compl. ¶ 5 (doc. 1). In June 2014, agent viewed and inspected plaintiffs' household and business operations in Harrisburg, Oregon. *Id.* at ¶¶ 6, 9, 10. Also in June 2014, plaintiffs allegedly purchased insurance coverage from agent on their business operations and home,

PAGE 1 – OPINION AND ORDER

including coverage for liability, property, and business interruption from perils, including fire. *Id.* at ¶ 14. Plaintiffs allege that agent agreed to fully insure plaintiffs for replacement of real or personal property, and for agricultural products recovery from business income interruption, in the event of "total loss from perils such as fire." *Id.* at ¶ 15. In June 2014, plaintiffs paid enough to cover the first six months of their insurance policy. *Id.* at ¶ 16. For nearly six months, plaintiffs waited for a written policy to issue from defendant, while agent assured them that they were insured. *Id.* at ¶¶ 17, 18.

In December 2014, a fire caused damage to plaintiffs' property and their business operations. *Id.* at ¶ 19. Plaintiffs notified agent and defendant immediately. *Id.* at ¶ 21. Defendant accepted the claim. *Id.* at ¶ 22. Defendant also, at that point, issued the written policy. *Id.* at ¶ 23. Plaintiffs hired a public adjusting company, which concluded that plaintiffs suffered approximately $2.5 million in property damage, and up to $900,000 in lost business. *Id.* at ¶¶ 24, 25. Defendant paid plaintiffs $1,573,420.03 to compensate for their property losses. Defendant issued no payment for the income plaintiffs lost due to the interruption of their business operations. *Id.* at ¶ 26.

Plaintiffs filed suit. They claim that defendant failed to issue a written policy in conformance with the agreement reached between agent and plaintiffs, and that defendant failed to pay for damages and losses covered under the agreement. *Id.* at ¶ 27. Plaintiffs claim that defendant's failure to pay for these damages and losses was a breach of their insurance contract negotiated on defendant's behalf by agent. *Id.* Plaintiffs claim that as a result of this breach, they have been damaged in the amount of $937,973 in property damage, and up to $900,000 in business interruption losses. *Id.* at ¶ 29. Defendant has not challenged plaintiffs' allegation that

agent was the authorized agent of defendant at the time plaintiffs negotiated their insurance policy with agent and defendant.

## DISCUSSION

Defendant moves to dismiss under Rule 12(b)(7) for failure to join agent, claiming that agent is a necessary and indispensable party under Rule 19, and that because joining agent would destroy diversity, this case must be dismissed. I will first determine whether agent is a necessary party under Rule 19(a), and then address whether agent is an indispensable party under Rule 19(b).

I.  *Is Agent Necessary Under Rule 19(a)?*

The Ninth Circuit's analysis of what makes an absent person a necessary party under Rule 19(a)(1) consists of two broad inquiries. *Ward v. Apple Inc.*, 791 F.3d 1041, 1048 (9th Cir. 2015). First, under Rule 19(a)(1)(A), can complete relief be provided to existing parties without the absent person? *Id.* Second, in the alternative, under Rule 19(a)(1)(B), does the absent person claim an interest that relates to the subject of the action? *Id.* The moving party has the burden of persuasion in arguing for dismissal. *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990). I start with whether complete relief can be accorded in agent's absence; then, in the alternative, I turn to whether agent claims an interest relating to the subject of the action.

Rule 19 is "designed to protect the interests of absent parties, as well as those ordered before the court, from multiple litigation, inconsistent judicial determinations or the impairment of interests or rights." *CP Nat'l Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 911 (9th Cir. 1991). Accordingly, Rule 19 issues may be raised *sua sponte* by reviewing courts. *Id.* Thus, while defendant does not argue that complete relief cannot be accorded without agent, I will walk through a complete analysis of Rule 19 as it applies to the present case.

PAGE 3 – OPINION AND ORDER

A.  *Complete Relief to Existing Parties*

There is no precise precedent in the Ninth Circuit on whether complete relief can be accorded existing parties to an insurance dispute in the absence of the agent who represented the insurance company in negotiating the contract at issue. However, other recent district court decisions provide helpful guidance. These courts have held that when there is a dispute between an insured plaintiff and an insurance-company defendant over the coverage provided by the insurance company, courts can accord complete relief without the insurance agent as a party. *See Auto-Owners Ins. Co. v. Morris*, 191 F. Supp. 3d 1302, 1305 (N.D. Ala. 2016) (insurance agent's conduct was "certainly relevant to the coverage issue," but "the court can accord complete relief on that coverage issue without the [agent] being joined as a party"); *Republic-Franklin Ins. Co. v. Pasour*, 2011 WL 5169958, at *4-5 (W.D.N.C. July 29, 2011) (when an action involves a contractual dispute over the extent of insurance coverage, the court can provide complete relief without joining an agent who is neither named in the lawsuit nor a party to the contract); *Nationwide Mut. Ins. Co. v. Ruff*, 2011 WL 2491345, at *2 (D.S.C. June 22, 2011) (concluding that when there is a contractual dispute about insurance coverage, the court can grant complete relief among existing parties when the existing parties are the "only two parties to the contract"). In the present case, it is undisputed that agent was defendant's agent in negotiating the contract and agent was not a party to the contract, so I can accord complete relief to the plaintiffs and defendant without agent as a party.

The Ninth Circuit's Rule 19 jurisprudence also supports this conclusion. Complete relief can be accorded when a court is able to fashion "meaningful relief" between the existing parties. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004). Relief is "meaningful" when it is not "partial or hollow," and when it precludes "multiple lawsuits on the same cause of action." *Id.* (quoting *Northrup Corp. v. McDonnell Douglas*

PAGE 4 – OPINION AND ORDER

*Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983)). I begin with whether this Court can provide relief that is not partial or hollow, then move to whether proceeding in agent's absence precludes multiple lawsuits on the same cause of action.

Plaintiffs seek $937,973 for damage to their property, and $900,000 for "business interruption losses." Pls.' Compl. ¶ 29. Plaintiffs bring their claims under a breach of contract theory, alleging that defendants failed to provide the insurance coverage promised by agent. *Id.* at ¶¶ 14-29. There is no dispute that agent was defendant's agent at the time plaintiffs entered into an agreement with agent regarding the insurance coverage at issue. What is disputed is the scope of the insurance coverage promised by agent and provided by defendant, and whether defendant failed to issue the insurance contract and coverage agreed to by plaintiffs and agent. Answering this question will undoubtedly involve agent because agent represented defendant in negotiating the insurance policy with plaintiffs. However, I see no reason why this Court would be forced to fashion "partial or hollow" relief between the existing parties in the absence of agent as a party. If the evidence shows that the contract negotiated between agent and plaintiffs included the coverage plaintiffs allege, that could lead to judgment in plaintiffs' favor. If not, defendants will prevail. Both outcomes provide neither partial nor hollow relief because both resolve what is at issue in plaintiffs' claims.

Any final judgment on the claims in this case would preclude multiple lawsuits on the same cause of action because of the well-established claim preclusion principles of *res judicata*. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) ("Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'") (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)). Plaintiffs would be unable to bring the same claims against defendant in

the future because of claim preclusion. Further, were plaintiffs to win or lose their current case against defendant and sue agent in his individual capacity as an insurance agent, that litigation would not involve the same parties, would involve different claims, and so would not be the same cause of action. The only possibility that might be close to "multiple lawsuits on the same cause of action" would occur if plaintiff loses here, sues agent in state court, and agent impleads defendant in an effort to shift liability. If this occurred, although it would not be the same cause of action, relitigation of defendant's liability for failure to issue and breach would be precluded under the issue preclusion principles of *res judicata*. *Id.* Therefore, providing the relief requested by plaintiffs will preclude multiple lawsuits on the same cause of action.

Agent is not a necessary party under Rule 19(a)(1)(A). In the alternative, I consider whether agent claims an interest in the litigation within the meaning of Rule 19(a)(1)(B).

B. *Does Agent Claim an Interest?*

There are "few categorical rules" regarding the Ninth Circuit's analysis of whether an absent person claims or has an interest in litigation. *Cachil Dehe Band of Wintun Indians of the Colusa Indian Cmty. v. California*, 547 F.3d 962, 970 (9th Cir. 2008).

> At one end of the spectrum, we have held that the interest at stake need not be property in the sense of the due process clause. At the other end of the spectrum, we have recognized that the interest must be more than a financial stake, and more than a speculation about a future event. Within the wide boundaries set by these general principles, we have emphasized the practical and fact-specific nature of the inquiry.

*Id.* (internal quotation marks and citation omitted). Recently, this Court found that an absent tribe's treaty-reserved fishing rights were an "indisputable interest," "much more than a financial stake or speculation," and that this interest fell within this Circuit's wide boundaries for determining whether an interest is sufficient to satisfy Rule 19(a)(1)(B). *Union Pac. R.R. v. Runyun*, 2017 WL 923915, at *4 (D. Or. Mar. 8, 2017).

PAGE 6 – OPINION AND ORDER

Often times, an absent person who is a party to a contract that is being disputed by existing parties can claim a sufficient interest to satisfy Rule 19(a). *Yellowstone Cnty. v. Pease*, 96 F.3d 1169, 1173 (9th Cir. 1996) (citations omitted) (finding that "unlike other cases where courts have concluded that [absent persons] are necessary under Rule 19(a), here the [absent person] cannot demonstrate that it is a party to a relevant commercial agreement, lease, trust, or treaty with one of the parties of the lawsuit"). Here, agent is not a party to the contract. Therefore, agent is not like the kind of absent person often found to claim a sufficient interest to satisfy Rule 19(a)(1)(B).

In defendant's reply in support of its motion to dismiss, defendant argues that "agent's legal interests could be impaired if there are factual findings as to agent's conduct and whether he did or did not enter into an oral agreement with plaintiffs that included a business interruption service." Def.'s Reply Supp. Mot. Dismiss 3. Defendant cites no legal authority in support of the argument that a legal interest in potentially adverse factual findings should count as a sufficient interest under Rule 19(a)(1)(B). I see no reason why such an interest should be sufficient in this case. Were adverse factual findings made in agent's absence, and were agent sued in the future by plaintiffs or defendant, agent would not be precluded from relitigating those factual findings because agent will not have been given a "full and fair opportunity to litigate" them in this case. *Taylor*, 553 U.S. at 892. Accordingly, I conclude that agent's interest in factual findings is at most speculation about a future event, and is far from being the kind of interest that this Court recognizes as sufficient for Rule 19(a)(1)(B).

In light of the above, agent is not a necessary party under Rule 19(a).

II.  *Is Agent Indispensable under Rule 19(b)?*

Even if agent were a necessary party, dismissal would not be warranted because he is not indispensable. An absent person is "indispensable" when the person is a necessary party under Rule 19(a), but cannot be joined, and a court determines "in equity and good conscience" that the action should not proceed without them and should be dismissed. *Shemoen v. United States*, 982 F.2d 1312, 1317 (9th Cir. 1992). Courts consider four factors in making this determination: (1) prejudice; (2) the extent to which it can be lessened or avoided by protective provisions, shaping relief, or other measures; (3) adequacy of the judgment; and (4) whether there is an adequate alternative remedy for plaintiff if the case is dismissed. Fed. R. Civ. P. 19(b); *White v. Univ. of Cal.*, 765 F.3d 1010, 1032 (9th Cir. 2014).

"The first factor, prejudice, is essentially the same as the 'necessary' inquiry under Rule 19(a)." *Id.* (citation omitted). Defendant does not argue that it or plaintiffs will be prejudiced in agent's absence. However, defendant does argue that agent's legal interest in factual findings could be adversely affected. I addressed that argument above when I found that agent was not a necessary party under Rule 19(a). I therefore conclude that the first factor favors allowing this litigation to proceed without agent as a party.

The second factor under Rule 19(b) is whether any prejudice can be lessened or avoided by protective provisions, shaping relief, or other measures. Defendant argues in a somewhat bizarre fashion that I should shape the relief by "striking" plaintiffs' breach of contract claim against defendant because it is really a "disguised" claim for a failure to procure against agent. *Id.* at 4. I disagree. If plaintiffs had wanted to file a failure to procure claim against agent in state court, plaintiffs could have done so. Instead, plaintiffs filed a failure to issue and a breach of contract claim against defendant in federal court. Ironically, defendant's attempt to get this

Court to shape relief in this way reveals that defendant's motion to dismiss is really a disguised (and unsupported) motion to strike.

Plaintiffs argue that this factor does not favor finding agent indispensable because defendant could either bring a cross-claim against agent in the present or a cause of action against agent in the future. Pls.' Resp. Def.'s Mot. Dismiss 7. Both are good points. Courts of appeals that have addressed the question are "unanimous in holding" that prejudice can be lessened or avoided "if an absentee can be brought into an action by impleader under Rule 14(a)[.]" *E.E.O.C. v. Peabody W. Coal Co.*, 610 F.3d 1070, 1086-87 (9th Cir. 2010). Under Rule 14(a), a "defending party may . . . serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1) (capitalization normalized). Here, if defendant wants to implead agent under Rule 14(a), nothing is stopping defendant from doing so. Further, it is well established that a defendant can implead a third party of the same citizenship as the plaintiff without destroying diversity. 28 U.S.C. § 1367; *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 492-93 (4th Cir. 1998). Because defendant can implead agent, it has a powerful tool it can use to lessen prejudice. Of course, there are good, practical, self-interested reasons why an insurance company like defendant might not want to implead its own agents in a situation like this. But any such reasons are defendant's to tarry with, not the Court's. Therefore, this factor does not favor finding agent an indispensable party under Rule 19(b).

The third factor under Rule 19(b) is whether a judgment rendered without the absent person would be adequate. A judgment is adequate when it furthers the public interest in "settling disputes by wholes." *Republic of Philippines v. Pimentel*, 553 U.S. 851, 870 (2008) (internal quotation marks and citation omitted). This public interest supports the joinder of

absent and "potentially adverse claimants." *Id.* In *Pimentel*, the absent and potentially adverse claimant was the Republic of the Philippines, which had invoked sovereign immunity in an interpleader action commenced to determine the ownership of property allegedly stolen by the former President of the Republic, Ferdinand Marcos. *Id.* at 857-58. The Supreme Court held the third 19(b) factor weighed in favor of dismissal because the Republic, which had a claim to the disputed assets under Philippine law, would not be found by the judgment in an action where it was not a party. *Id.* at 870. Unlike the absent party in *Pimentel*, agent claims no ownership of assets in dispute in this action. Therefore, agent's absence will not interfere with the public interest in settling this dispute whole. This factor does not favor finding agent an indispensable party.

The fourth and final factor for determining whether an absent person is indispensable under Rule 19(b) is whether existing plaintiffs would have an adequate remedy if the action were dismissed for failure to join the supposedly indispensable party. When a state-court remedy exists, plaintiffs have an "adequate alternative remedy." *Walsh v. Centeio*, 692 F.2d 1239, 1244 (9th Cir. 1982). This is especially true if a case is at an "earlier stage," when discovery has not been undertaken and no trial date has been set. *Id.* Here, plaintiffs could bring their failure to issue and breach of contract claims against defendant in state court. Further, plaintiffs' case is at an early stage because no discovery has been requested or produced, and no trial date has been set. Therefore, plaintiffs would have an adequate "alternative" remedy if the action were dismissed for failure to join agent as a party. This factor favors finding agent indispensable under Rule 19(b).

Because only one of Rule 19(b)'s factors favors finding agent an indispensable party, I find that agent is not an indispensable party under Rule 19(b).

PAGE 10 – OPINION AND ORDER

## CONCLUSION

Agent is neither a necessary party under Rule 19(a) nor an indispensable party under Rule 19(b). Defendant's motion to dismiss for failure to join under Rule 19 (doc. 6) is DENIED.

IT IS SO ORDERED.

Dated this 11th day of April 2017.

                                              Ann Aiken
                                    United States District Judge