IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JARED REDIGER, MYRANDA REDIGER, and HAYSTORM HARVESTING & FIBER, INC., | Case No. 6:16-cv-02263-AA<br>**OPINION AND ORDER** |
| Plaintiffs, | |
| vs. | |
| COUNTRY MUTUAL INSURANCE COMPANY, | |
| Defendant. | |

---

COUNTRY MUTUAL INSURANCE COMPANY,

    Third-Party Plaintiff,

vs.

ROBERT BRONSON,

    Third-Party Defendant.

---

AIKEN, District Judge:

    This dispute concerns defendant Country Mutual Insurance Company's ("Country Mutual") alleged failure to issue a policy on terms agreed to between plaintiffs Jared and Myranda Rediger ("plaintiffs") and insurance agent and third-party defendant Robert Bronson ("Bronson").

Page 1 – OPINION AND ORDER

Country Mutual seeks to amend its amended third-party complaint to expand the scope of its claim against Bronson. For the reasons set for below, Country Mutual's motion is granted.

## BACKGROUND

In June 2014, third-party defendant Bronson, a licensed insurance agent, visited plaintiffs' property in connection with issuing them an insurance policy. Plaintiffs allege that Bronson told them they would be covered for liability, property, and business interruption from perils, including fire. Plaintiffs gave Bronson a check for the first six months of premiums due under the policy. For the next six months, although plaintiffs never received a written insurance policy, Bronson allegedly assured them they were covered.

After the fire, plaintiffs promptly notified Bronson and Country Mutual, and Country Mutual accepted their claim. Country Mutual also, for the first time, issued a written policy to plaintiffs. Plaintiffs hired a public adjusting company, which assessed that the fire caused $2.5 million in property damage and up to $900,000 in lost business. Country Mutual paid plaintiffs nearly $1.6 million in property damage but otherwise denied the claim, in part because business interruption was not covered under the terms of the written policy.

In December 2016, plaintiffs filed this action. They alleged that Country Mutual had failed to issue a written policy in conformance with the oral agreement plaintiffs had reached with Bronson. In May 2017, Country Mutual filed its Answer and Third-Party Complaint, alleging that third-party defendant Robert Bronson, plaintiffs' insurance agent, negligently handled plaintiffs' application for insurance coverage. Country Mutual sought indemnification and contribution from Bronson.

On June 22, 2018, Country Mutual filed a motion seeking to amend its third-party complaint against Brsonson, about two months after the deadline to file amended pleadings. *See*

Motion to Amend (doc. 63); Jan. 9, 2018, Order Granting Motion for Extension of Discovery and Pretrial Order Deadlines (doc. 48). Specifically, Country Mutual wants to expand the scope of its claim for statutory contribution under Or. Rev. Stat. § 31.800. In its First Amended Answer and Third-Party Complaint, Country Mutual alleged that, "if any judgment is entered against Defendant/Third-Party Plaintiff, it is entitled to contribution from Third-Party Defendant in the amount equal to Third-Party Defendant's portion degree of fault." First Am. Compl. ¶ 23. Country Mutual also sought "damages from Third Party Defendant in contribution according to proof at trial." First Am. Compl. ¶ 24. Country Mutual now seeks leave to amend its allegations to include all sums paid to plaintiffs in satisfaction of their insurance claim, including the $1.6 million paid before this lawsuit was filed and any future payments. Bronson opposes the motion on the grounds that it is untimely and prejudicial. On September 7, 2018, the parties appeared for oral argument on this motion.

## STANDARDS

When a party seeks to amend a pleading under Federal Rule of Civil Procedure 15 after the date specified in the scheduling order, the district court must first determine whether that party has shown "good cause" for amending the scheduling order under Rule 16(b). *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764 (9th Cir. 2017); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609 (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). If the moving "party was not diligent, the inquiry should end." *Branch Banking & Trust Co.*, 871 F.3d at 764 (quoting *Johnson*, 975 F.2d at 607-08). On the other hand, if "good cause" is shown,

"the party must demonstrate that amendment was proper under Rule 15." *Johnson*, 975 F.2d at 609.

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." A district court should apply the rule's "policy of favoring amendments . . . with extreme liberality." *Price v. Kramer*, 200 F.3d 1237, 1250 (9th Cir. 2000) (quotation marks omitted). In determining whether to grant leave to amend, the district court considers the presence of any of four factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).

## DISCUSSION

Because Country Mutual filed its motion for leave to amend after the deadline for such filings, the Court must determine whether defendant has shown "good cause" to modify the scheduling order under Rule 16 before considering whether amendment is proper under Rule 15.

I. *"Good Cause" Under Rule 16*

Country Mutual asserts that it diligently filed its motion for leave to amend in response to new information learned through the depositions of Bronson's assistants, Dawn Cate and Susan Mespelt on April 17, 2018. The deadline for amending pleadings was April 23, 2018. (doc. 48). Country Mutual filed its motion for leave to amend the third-party complaint on June 22, 2018.

Country Mutual's proposed amendment seeks to make Bronson liable not only for any amount Country Mutual might be required to pay if a judgment is entered against it, but also for the $1.6 million it already paid on the claim. The proposed amendment is based on Country Mutual's theory that it never would have underwritten the policy Bronson promised plaintiffs;

instead, it would have charged substantially more and issued two separate commercial and personal coverage policies.

Bronson argues that Country Mutual was not diligent, because it was already aware that Bronson had negligently handled plaintiffs' application and of the extent of plaintiffs' farming operations by the time Country Mutual filed its third-party complaint against Bronson.

Country Mutual responds that it was not aware of the full extent of Bronson's misrepresentations and mistakes in handling plaintiffs' application until after it deposed Cate and Mespelt. Specifically, Country Mutual learned that Bronson had a practice of putting fictitious numbers on policy binders and that Bronson had created a personal property schedule for plaintiffs in August 2014. Bronson did not send that document to Country Mutual. Instead, after the fire, Bronson sent a different property schedule that valued plaintiffs' farm personal property at an amount that was approximately $1.5 million greater than the amount listed in the August 2014 document. Country Mutual acknowledges that it first learned of the August 2014 personal property schedule in December 2017 but asserts that it was not aware that Bronson had created the personal property schedule for plaintiffs until Cate's deposition. At oral argument, Country Mutual also explained that during the time between the April 17 depositions and when it filed its motion to amend on June 22, Country Mutual conducted a formal, internal deliberation process to decide whether to increase the amount of damages it was seeking to recover from its own employee. Then, once the action was approved, Country Mutual prepared a proposed amended third-party complaint and drafted its motion to amend.

The record demonstrates that Country Mutual learned of facts relevant to its expanded contribution claim for the first time on April 17, 2018, and that Country Mutual filed its motion for leave to amend shortly thereafter (on June 22, 2018) after diligently seeking internal approval

to pursue the amended claim. Accordingly, the Court finds good cause exists to modify the Scheduling Order.

II.  *Leave to Amend Under Rule 15*

Bronson argues that Country Mutual unduly delayed filing its motion to amend and that amendment would prejudice Bronson. Bronson does not make arguments regarding bad faith or futility and the Court finds no evidence of either factor in this case. For the reasons discussed in Section I, the Court finds that there was no undue delay and will therefore focus the remainder of its analysis on prejudice.

Of the four factors, "the consideration of prejudice to the opposing party carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Indicators of prejudice include the need to reopen discovery, a delay in the proceedings, or the addition of complaints or parties. *See, e.g., Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming district court's denial of motion to amend pleadings filed five days before the close of discovery where additional causes of action would have required additional discovery, prejudicing defendant and delaying proceedings). The nonmoving party "bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

Bronson argues that amendment would prejudice plaintiffs and Bronson because additional discovery would be required, which would delay dispositive motions and the resolution of the case. Country Mutual responds that additional discovery would not be necessary. Country Mutual asserts that the only discovery that Bronson needs is related to the amounts paid by Country Mutual and that Bronson has already received the relevant documents.

Even if additional discovery would be required, all of the deadlines in this case were vacated in July 2018, after Country Mutual filed this motion to amend. The schedule for

dispositive motions has not yet been set. Thus, Bronson fails to meet his burden of demonstrating *undue* prejudice, even if some additional discovery is required. *See Robillard v. Opal Labs, Inc.*, __ F.Supp.3d __, Case No. 3:16-cv-0780-AC, 2018 WL 2724052, at *6 (D. Or. June 6, 2018) (the possibility of additional discovery did not constitute undue prejudice when the case schedule was stayed after the motion to amend had been filed); *Knight v. Curry Health Dist.*, Civ No. 1:15-cv-01851-CL, 2016 WL 5719686, at *2 (D. Or. Sept. 29, 2016) ("The fact that amending might require Defendant to conduct additional depositions, beyond those anticipated, or might necessitate additional written discovery to and from additional parties, does not constitute undue prejudice, warranting denial of Plaintiffs' amendment.").

The Court finds that all four factors weigh in favor of granting leave to file the amended complaint. Country Mutual's motion to amend is therefore GRANTED.

## CONCLUSION

For the reasons stated above, defendant Country Mutual's Motion to Amend (doc. 63) is GRANTED.

It is so ORDERED.

DATED this 13th day of December 2018.

Ann Aiken
United States District Judge